MEMORANDUM *
Richard Kempf, a former branch manager of the Fairfield branch of Barrett Business Services, Inc. (Barrett), brought suit in the Northern District of California, seeking damages arising from Barrett’s adjustment of his bonus. The district court had jurisdiction under 28 U.S.C. § 1332. After a bench trial, the court entered judgment for Kempf on his claim that Barrett’s adjustment of his final bonus on the basis of the branch’s workers’ compensation claims constituted a breach *661 of contract and the unlawful withholding of wages under California law. Barrett brought the instant appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. Barrett first challenges the district court’s alleged “ruling” from the bench concerning the applicability of unclean hands in an action for breach of contract. The court’s statement, however, does not constitute a ruling on Barrett’s unclean hands defense. The court questioned the applicability of an unclean hands defense to Kempf s cause of action when ruling on the admissibility of Michael Elich’s testimony. But the court admitted Elich’s testimony and allowed Barrett to present its unclean hands defense. At that time, the Court did not rule on Barrett’s unclean hands defense. See G.E.J. Corp. v. Uranium Aire, Inc., 311 F.2d 749, 754 (9th Cir.1962). When it did rule on the unclean hands defense in its Amended Memorandum of Decision, the district court correctly stated that unclean hands is applicable in a breach of contract action under California law.
2. Barrett next challenges the exclusion of Sinni’s and Garretson’s testimony. We review the district court’s evidentiary rulings for an abuse of discretion. See Janes v. Wal-Mart Stores Inc., 279 F.3d 883, 886 (9th Cir.2002).
The district court excluded Sinni’s testimony on the ground it was not relevant. Barrett contends on appeal that Sinni’s testimony would have supported its unclean hands defense, but it never so argued before the district court. Before the district court, Barrett stated that Sinni would testify as to the impact of company policies on him as a branch manager and as to industry standards and company policies. Based on Barrett’s offer of proof, the district court did not abuse its discretion in excluding Sinni’s testimony. Any testimony as to the impact of Barrett’s policies on Sinni was irrelevant to Kempf s claims. To the extent that Barrett offered Sinni’s testimony to establish industry standards and company policies, such testimony was cumulative because Barrett’s executives had already testified on these matters.
The district court excluded Garret-son’s testimony as a discovery sanction under Federal Rule of Civil Procedure 37(c). Garretson was not timely disclosed in accordance with Rule 26(a)(1). For the first time on appeal, Barrett contends that it was exempted from disclosing Garretson where Garretson’s testimony was offered for impeachment purposes. Rule 26(a)(l)(A)(i) requires the disclosure of “each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.” At oral argument, Barrett’s counsel stated that Garretson’s testimony was offered “in part” to impeach Kempf. Because Garretson’s testimony was not offered “solely” for impeachment purposes, it does not fall within the exception to Rule 26(a)(1). Barrett’s failure to timely disclose Garretson, therefore, was a violation of Rule 26(a)(1).
Sanctions for the failure to disclose a witness in accordance with Rule 26(a) are automatic under Rule 37(c) unless the non-disclosing party can show its failure was substantially justified or harmless. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001). Here, Barrett’s delay was not substantially justified. Garretson is the branch manager who took over Kempfs Fairfield branch. Barrett’s purported inability to identify Garretson earlier either lacks credence or demonstrates an inexcusable failure to fully investigate the case. See Fed.R.Civ.P. 26(a)(1)(E) (“A party is not excused from making its disclosures *662 because it has not fully investigated the case.... ”). Barrett also failed to show the post-discovery disclosure was harmless where it deprived Kempf of the opportunity to depose Garretson. The district court did not abuse its discretion when it imposed a discovery sanction preventing Barrett from using Garretson’s testimony.
3. Barrett contends that the district court mischaracterized the testimony of Greg Vaughn in ruling on Barrett’s unclean hands defense. We review the district court’s legal determination that Barrett failed to establish the defense of unclean hands de novo, and the factual findings underlying that determination for clear error. See Watkins v. Ameripride Sews., 375 F.3d 821, 824 (9th Cir.2004).
The district court rejected Barrett’s unclean hands defense based on the general dearth of evidence supporting the defense; it specifically noted (1) the lack of evidence of misconduct and (2) the lack of evidence that any of Kempfs allegedly wrongful acts related directly to the subject of the lawsuit. The district court made use of the challenged characterization of Vaughn’s testimony to support its conclusion that Barrett failed to prove the required relationship between any alleged misconduct by Kempf and the subject of the lawsuit. Barrett does not challenge the district court’s conclusion that Barrett failed to prove Kempf engaged in “unconscionable, bad faith, or inequitable conduct,” as is required to sustain a defense of unclean hands. See Fladeboe v. Am. Isuzu Motors Inc., 150 Cal.App.4th 42, 58 Cal.Rptr.3d 225, 235 (Ct.App.2007). The failure to prove misconduct alone is fatal to an unclean hands defense, and the district court did not err in rejecting Barrett’s defense on this basis.
4. Barrett contends that the district court clearly erred when it awarded Kempf $29,961 in damages based on the parties’ stipulation to that amount because Barrett entered into this stipulation “subject to the caveat that it would be reduced or barred all together [sic] given evidence of Kempfs ‘unclean hands’ through his failure to report workers’ compensation claims.” We review the district court’s interpretation of the stipulation de novo. United States v. Lawton, 193 F.3d 1087, 1094 (9th Cir.1999). The district court properly relied on the parties’ stipulation as to damages because Barrett failed to prove its unclean hands defense, rendering its caveat to the stipulation inapplicable.
5. Lastly, Barrett argues that the district court improperly found the failure to pay Kempfs full bonus upon his termination was a violation of California Labor Code § 201(a) that entitled Kempf to reasonable attorney’s fees and costs under § 218.5 and prejudgment interest under § 218.6. Section 201(a) provides that “the wages earned and unpaid at the time of discharge are due and payable immediately.” The statute employs a broad definition of “wages,” see § 200(a), and “bonuses are considered ‘wages’ ” under § 201. Neisendorf v. Levi Strauss & Co., 143 Cal.App.4th 509, 49 Cal.Rptr.3d 216, 225 (Ct.App.2006). Kempf performed adequately under the terms of Barrett’s bonus plan and was entitled to his bonus. Cf. id. at 226-27. As the district court noted, “Barrett does not dispute that Kempf performed his obligations under the agreement.” Accordingly, Kempfs bonus was a wage that must be paid under § 201. In addition, the district court properly awarded reasonable attorney’s fees ($36,930.00), costs ($478.46), and prejudgment interest ($5,179.56). See Cal. Lab.Code §§ 218.5-.6 (2003).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Circuit Rule 36-3.